UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHEILA R. COOPER, and PRAIRIE RECEIVABLES II, Inc.,<br><br>    Defendants. | Case No. 06-cv-859-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Government's Motion to Extend Time for Service (Doc. 12).  For the following reasons, the Court **GRANTS** the Motion.

### BACKGROUND

The Government's Complaint to Foreclose Defendants's Mortgage was filed on November 3, 2006.  Waivers of Service of Summonses (Waivers) and complaints were mailed to Defendants by certified mail on November 17, 2006.  The Waivers were not returned, so complaints and Summonses were sent to the Clerk's Office on January 12, 2007.  The Clerk's Office received the USM 285, Summonses and complaints on January 16, 2007, and sent them to the U.S. Marshal in Benton, Illinois for service.  The Summonses were not signed by the Clerk's Office prior to forwarding them to the Marshal.  Defendant Sheila R. Cooper was served on April 3, 2007, 151 days after the filing of the Complaint.  Defendant Prairie Receivables II, Inc. was served on June 20, 2007, 230 days after the filing of the Complaint.  Service of process was insufficient because the Summonses had not been properly signed.  The Government has requested the Court extend the time for service of process by 120 days pursuant to Federal Rule of Civil Procedure 4(m).

## ANALYSIS

The Court's review of those decisions necessarily starts with Federal Rule of Civil Procedure 4(m), which governs the time in which process must be served. That rule provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or *direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Here, neither Defendant was served within 120 of the filing of the Complaint. The Government claims that it can show good cause for the delay because service would have been effected within 120 days if the Clerk's Office had forwarded properly signed Summonses to the Marshal. However, the Court notes that even if properly signed, the Summonses still would have been served beyond the 120 day time period. Defendant Cooper was served with the insufficient summons 151 days after the Complaint was filed. Defendant Prairie Receivables II, Inc. was served with the insufficient summons 230 days after the Complaint was filed. "[The] inadvertent failure to serve a defendant within the statutory period does not constitute good cause." *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Therefore, the Court cannot find that good cause existed for the failure to serve the summons and complaint within the statutory

time such that the Court would be required to grant the Government's Motion.

However, the Court has discretion to grant an extension if the Government shows excusable neglect. The Court has broad discretion in deciding what constitutes "excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Factors to be weighed include whether the defendant suffers any prejudice to its ability to defend the case, the likelihood that the defendant received actual knowledge of the case, and the length and reason for the delay. *Id.* at 395; *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Taking these factors into account, the Government's delay amounts to excusable neglect. Defendants's ability to defend the case was not harmed by the delay, nor were they in any way prejudiced by the delay. The Government sent a copy of the Complaint along with the Waivers in November 2006, so it is very likely Defendants had actual knowledge of the Complaint. Finally, the length of delay was not so great as to compel the Court to dismiss the case.

Accordingly, the Court **GRANTS** the Government's Motion to Extend Time for Service (Doc. 12). Although the Government requested an additional 120 days, in light of the age of this case and in order to expedite this matter, the Court **ORDERS** that the Government shall have 60 from the date of this Order to effect service on the Defendants.

**IT IS SO ORDERED.**
**DATED: September 13, 2007**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**